## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **SHANDERICA VAUGHNS** | **CASE NO. 6:24-CV-00245** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **USA** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is a MOTION FOR LEAVE TO FILE COMPLAINT FOR INTERVENTION filed by Keith Saltzman, former attorney of record for plaintiff Shanderica Vaughns. (Rec. Doc. 30). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the instant motion, and for the reasons explained below, this Court recommends that Saltzman's motion be DENIED.

### Factual Background

Vaughns filed suit on February 20, 2024 in this Court, asserting claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, arising out of a motor vehicle accident on or about March 21, 2021. (Rec. Doc. 1 at ¶¶ I, IV). Vaughns claims that the accident was caused by the negligence of Malik Garrick, a United States Postal Service employee, who was operating a mail delivery truck at the time of the collision. (*Id.* at ¶ III). Specifically, she alleges that she attempted to pass the mail truck by entering the opposing lane when Garrick failed to see her vehicle and began a left-hand turn, striking her vehicle. (*Id.* at ¶¶ IV, V). Vaughns seeks special damages for medical expenses, lost wages, loss of earning capacity, as well as general damages for pain, suffering, mental anguish, and loss of enjoyment of life. (*Id.* at ¶ VIII). The Complaint was filed by Saltzman and Jacob J. Delahoussaye of the firm Anderson, Blanda & Saltzman. (*Id.* at p. 4).

By motion dated September 25, 2024, Saltzman sought to withdraw as counsel of record, citing his discharge of Vaughns as a client on the same date. (Rec. Doc. 11). On October 18, 2024, attorney Kristen Guidry of the Laborde Earles Law Firm sought to enroll in the case. (Rec. Doc. 15). By Order dated October 21, 2024, this Court granted Saltzman's request to withdraw and further granted Guidry's motion to enroll. (Rec. Doc. 17). On April 28, 2025, Guidry filed a motion to withdraw, citing her discharge of Vaughns as a client on the same date. (Rec. Doc. 27). Guidry's motion was granted, leaving Delahoussaye as the sole remaining attorney of record on Vaughns' behalf. (Rec. Doc. 29). By motion of May 16, 2025, Delahoussaye sought to withdraw as counsel of record, citing his law firm's September 25, 2024 discharge of Vaughns as a client. (Rec. Doc. 31). Delahoussaye's motion was granted on May 28, 2025, resulting in Vaughns' *pro se* status. (Rec. Doc. 33).

A telephone scheduling conference is now set before the undersigned Magistrate Judge on July 21, 2025, at which time pretrial conference and trial dates will be set. (Rec. Doc. 35).[1] Saltzman's instant motion seeks leave of court to file a Complaint in Intervention, through which he would assert entitlement to certain funds allegedly earned as attorney fees during his time as counsel of record in this case. (Rec. Doc. 30).

## Law and Analysis

Federal district courts are courts of limited jurisdiction and possess power over only such cases as are authorized by the United States Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Court has an obligation to assure itself of its jurisdiction over cases before it, even in the absence of a motion by any party. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

---

[1] A copy of the electronic order setting this telephone scheduling conference was forwarded to Plaintiff via U.S. Mail on May 30, 2025. (Rec. Doc. 36).

Jurisdiction over Vaughns' claims in this suit was based federal question pursuant to the Federal Tort Claims Act. (Rec. Doc. 1). Under 28 U.S.C. § 1331, federal district courts possess original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The Federal Tort Claims Act, codified at 28 U.S.C. § 2671, *et seq.*, is a limited waiver of sovereign immunity permitting tort claims for damages allegedly caused by persons acting in the course and scope of their duties as employees of the federal government. 28 U.S.C. § 2674; *Brownback v. King*, 592 U.S. 209, 211 (2021). As referenced in this Court's prior review of the jurisdiction basis for this suit, Vaughns' claims against a United States Postal Service employee for actions taken during the performance of his official duties on behalf of a governmental agency are properly within the Court's original subject matter jurisdiction. (*See*, Rec. Doc. 21).

Federal district courts possess supplemental jurisdiction over other claims which, though not within the court's original subject matter jurisdiction, "are so related to claims in the action…that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction, where applicable, extends to claims brought before the Court by joinder or intervention of parties. 28 U.S.C. § 1367(a).

Saltzman's claims for attorney fees based on a contingency fee contract are based solely on Louisiana contract law and are unrelated to the federal question upon which Vaughns' instant suit is based. Although district courts do possess "limited, continued jurisdiction" to resolve attorney fee disputes, such jurisdiction does not include claims brought by an attorney who has voluntarily withdrawn from a case prior to its conclusion. *Broughten v. Voss*, 634 F.2d 880 (5th Cir. 1981). Additionally, Saltzman's claim does not feature an independent basis for the Court's jurisdiction, as all parties thereto are domiciled in Louisiana, foreclosing diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION FOR LEAVE TO FILE COMPLAINT FOR INTERVENTION (Rec. Doc. 30) filed by Keith Saltzman be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 6th day of June, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**