UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SHANDERICA VAUGHNS**                                   **CASE NO. 6:24-CV-00245**

**VERSUS**                                               **JUDGE S. MAURICE HICKS, JR.**

**USA**                                                  **MAGISTRATE JUDGE DAVID J. AYO**

### REPORT AND RECOMMENDATION

Before this Court is a MOTION FOR LEAVE TO FILE INTERVENTION filed by Kristen Guidry, former attorney of record for plaintiff Shanderica Vaughns. Rec. Doc. 44. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the instant motion, and for the reasons explained below and more fully in the undersigned's Report and Recommendation dated June 6, 2025 denying the same relief requested by Keith Saltzman (Rec. Doc. 37), this Court recommends that Guidry's motion be DENIED.

In the instant motion, Guidry seeks leave of court to file to file a Complaint for Intervention. Rec. Doc. 44-1. Guidry was a former attorney for Vaughns who was permitted to enroll as counsel on October 18, 2024 (Rec. Doc. 15) after the Court allowed Saltzman to withdraw as counsel (Rec. Doc. 11). On April 28, 2025, Guidry moved and was allowed to withdraw as counsel. Motion, Rec. Doc. 27; Order, Rec. Doc. 29. Another attorney in the same firm with Saltzman, Jacob Delahoussaye, withdrew as counsel on May 28, 2025. Motion, Rec. Doc. 31; Order, Rec. Doc. 31.[1]

---

[1] The effect of granting the aforementioned motions was that Vaughns was rendered a *pro se* litigant. Attorney Ryan King participated in the July 31, 2025 telephone scheduling conference and was allowed to enroll by motion filed the same day. Motion, Rec. Doc. 47; Order, Rec. Doc. 50.

On May 12, 2025, Saltzman filed a motion seeking leave of court to file a Complaint for Intervention. Rec. Doc. 30. By Report and Recommendation dated June 6, 2025, the undersigned recommended that Saltzman's intervention be denied. Rec. Doc. 37. This Report and Recommendation was adopted by order dated June 27, 2025. Rec. Doc. 41.

The proposed Complaint for Intervention attached to the instant motion is nearly verbatim to the Complaint for Intervention filed by Saltzman save for the dates the respective attorneys were retained and the dates they were enrolled as counsel. *Compare* Rec. Doc. 30-1 *with* Rec. Doc. 44-1. This Court finds no reason to recommend a different result for the instant motion and therefore adopts the analysis and recommendation herein and likewise recommends denial of intervention for those reasons.

For the reasons discussed herein and more fully in the June 6, 2025 Report and Recommendation (Rec. Doc. 37), the Court recommends that the MOTION FOR LEAVE TO FILE INTERVENTION (Rec. Doc. 44) filed by Kristen Guidry be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 8th day of August, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**