UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SHANDERICA VAUGHNS**                              **CASE NO. 6:24-CV-00245**

**VERSUS**                                          **JUDGE S. MAURICE HICKS, JR.**

**USA**                                             **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM RULING AND ORDER

Before the Court is a MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS filed by Defendant United States of America. (Rec. Doc. 46). Plaintiff Shanderica Vaughns did not file an opposition, making the instant motion unopposed. For the following reasons, the motion is GRANTED.

### Factual and Procedural Background

This case arises out of a March 21, 2021 accident in which a vehicle driven by an employee of the United States Postal Service collided with Vaughns' vehicle. Vaughns, through counsel Jacob Delahoussaye and Keith Saltzman, filed suit against the Government on February 20, 2024 under the Federal Tort Claims Act. (Complaint, Rec. Doc. 1). Saltzman withdrew as counsel and Kristen Guidry enrolled as counsel on October 21, 2024. (Rec. Doc. 17). Guidry withdrew as counsel on May 9, 2025 (Rec. Doc. 29), and Delahoussaye later withdrew as counsel on May 28, 2025 (Rec. Doc. 33).

As a result of the multiple withdrawals, Vaughans was *pro se* when the instant motion was filed on July 30, 2025. (Rec. Doc. 46). On July 31, 2025, a telephone scheduling conference was held (Minutes, Rec. Doc. 48) which had been set on May 29, 2025 (Rec. Doc. 35). Attorney Ryan King participated in the conference on Vaughns' behalf. (Rec. Doc. 48). The Court requested that King file a motion to enroll in the case and stated that a Notice of Motion Setting would be issued on the instant motion to permit King an opportunity to

respond to the instant motion. (*Id.*) King moved to enroll the same day (Rec. Doc. 47), which was granted (Rec. Doc. 50). The Notice of Motion Setting for the instant motion was issued the same day. (Rec. Doc. 49). To date, no opposition has been filed.

## Law and Analysis

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Techs., LLC v. Apple, Inc.*, 2016 WL 4265758 at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478 at *2 (E.D. Tex. Feb. 10, 2010) (brackets in original). The party resisting discovery then has the burden of proving that the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics Am. v. Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

The discovery at issue consists of 21 interrogatories and 14 requests for production. (Rec. Doc. 46-2). The Notice of Moton Setting filed on July 31, 2025—the same day the Court permitted new counsel to enroll—provided the standard 21 days for the filing of responses. As such, any opposition would have been due on August 21, 2025. (Rec. Doc. 49).

The Court finds that the Government has demonstrated that the interrogatories and requests for production seek relevant information and are typical requests in a motor vehicle

accident case.  As the motion is unopposed, Vaughns has not demonstrated that the discovery is irrelevant, overly broad, or unduly burdensome.

## Conclusion

For the foregoing reasons, the MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS filed by Defendant United States of America (Rec. Doc. 46) is hereby GRANTED.  Accordingly, Plaintiff Shanderica Vaughns is ORDERED to provide full and complete responses to the Government's First Set of Interrogatories and First Request for Production of Documents within fourteen (14) days of this Memorandum Ruling and Order.  It is further ORDERED that the hearing on the instant motion set for December 3, 2025 is CANCELLED.

Signed in chambers this 24th day of October, 2025 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**